## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM MOTT, *on behalf of himself and all others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No. |
| v. | ) ) | 2:25-CV-00014-SCJ |
| GEE'S HEATING AND AIR, INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

### ANSWER AND DEFENSES

COMES NOW Defendant's Gee's Heating & Air, Inc. ("Defendant") and submits its Answer and Defenses to Plaintiff's Complaint (the "Complaint") showing the Court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by waiver.

## THIRD DEFENSE

Plaintiff's alleged damages, or a portion of them, were caused by Plaintiff's acts or omissions.

## FOURTH DEFENSE

Plaintiff's claims are barred by the established business relationship exception under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

## FIFTH DEFENSE

Any violation of the TCPA by Defendant was not willful.

## SIXTH DEFENSE

Defendant responds to the individually-numbered paragraphs of the Complaint as follows:

## INTRODUCTION

-1-

In response to Paragraph 1, Defendant admits that Plaintiff filed this action for alleged illegal marketing practices under the TCPA, but denies that it engaged in illegal marketing practices and denies that it violated the TCPA.

-2-

In response to Paragraph 2, Defendant admits that it, or third party independent vendors, send telemarketing text messages advertising Defendant's products and services.

-3-

Defendant denies Paragraph 3.

-4-

Defendant admits Paragraph 4 as stated, but denies that Plaintiff is a proper class representative and denies that this action should proceed as a class action.

## JURISDICTION AND VENUE

-5-

Defendant admits Paragraph 5.

-6-

Defendant admits Paragraph 6.

-7-

In response to Paragraph 7, Defendant denies that it "targeted" a resident of this District, but admits the remainder of Paragraph 7.

-8-

In response to Paragraph 8, Defendant denies that it "targeted" a resident and denies that it engaged in wrongful conduct, but admits the remainder of Paragraph 8.

## **PARTIES**

-9-

Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 9.

-10-

Defendant admits Paragraph 10.

-11-

In response to Paragraph 11, Defendant admits that its principal office is located at 3340 Robinson Road, Gainesville, Georgia 30506 and denies the remainder of Paragraph 11.

-12-

Defendant admits Paragraph 12.

-13-

Defendant admits Paragraph 13.

## TCPA BACKGROUND

-14-

Paragraph 14 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant shows that *Mims v. Arrow Fin. Svcs., LLC* speaks for itself and denies the remainder of Paragraph 14.

-15-

Paragraph 15 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant shows that 47 C.F.R § 64.1200 (c)(2) speaks for itself and denies the remainder of Paragraph 15.

-16-

Paragraph 16 asserts legal conclusions to which no response is required. The applicable statute and regulations speak for themselves.

-17-

Paragraph 17 asserts legal conclusions to which no response is required.  To the extent a response is required, 47 C.F.R § 64.1200 (c)(2) speaks for itself, and Defendant denies the remainder of Paragraph 17.

-18-

Paragraph 18 asserts legal conclusions to which no response is required. The applicable statute and regulations speak for themselves.  Defendant denies the

allegations contained in Paragraph 18 to the extent they deviate from or do not include the full contents of the cited statute and regulation.

-19-

Paragraph 19 asserts legal conclusions to which no response is required. To the extent a response is required, 47 C.F.R § 64.1200 (c)(2) speaks for itself. Defendant denies the allegations contained in Paragraph 19 to the extent they deviate from or do not include the full contents of the cited statute.

-20-

Paragraph 20 asserts legal conclusions to which no response is required. To the extent a response is required, the applicable statute speaks for itself. Defendant denies the allegations contained in Paragraph 20 to the extent they deviate from or do not include the full contents of the cited statute.

-21-

Paragraph 21 asserts legal conclusions to which no response is required. To the extent a response is required, the applicable statute and cited authority speak for themselves.  Defendant denies the allegations contained in Paragraph 21 to the extent they deviate from or do not include the full contents of the cited authority.

-22-

Paragraph 22 asserts legal conclusions to which no response is required. To the extent a response is required, the applicable statute and cited authority speak for themselves. Defendant denies the allegations contained in Paragraph 22 to the extent they deviate from or do not include the full contents of the cited authority.

-23-

Paragraph 23 asserts legal conclusions to which no response is required. To the extent a response is required, the applicable statute and cited authority speak for themselves. Defendant denies the allegations contained in Paragraph 23 to the extent they deviate from or do not include the full contents of the cited authority.

-24-

Paragraph 24 asserts legal conclusions to which no response is required. The applicable statute and regulations speak for themselves.

-25-

Paragraph 25 asserts legal conclusions to which no response is required. To the extent a response is required, the applicable statute and cited authority speak for themselves. Defendant denies the allegations contained in Paragraph 25 to the extent they deviate from or do not include the full contents of the cited authority.

-26-

Paragraph 26 asserts legal conclusions to which no response is required. To the extent a response is required, the applicable statute and cited authority speak for themselves. Defendant denies the allegations contained in Paragraph to the extent they deviate from or do not include the full contents of the cited authority.

-27-

Paragraph 27 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies Paragraph 27.

-28-

Paragraph 28 asserts legal conclusions to which no response is required. To the extent a response is required, the applicable statute and cited authority speak for themselves. Defendant denies the allegations contained in Paragraph 28 to the extent they deviate from or do not include the full contents of the cited authority.

-29-

Paragraph 29 asserts legal conclusions to which no response is required. To the extent a response is required, the applicable statute and cited authority speak for themselves. Defendant denies the allegations contained in Paragraph 29 to the extent they deviate from or do not include the full contents of the cited authority.

-30-

Paragraph 30 asserts legal conclusions to which no response is required. To the extent a response is required, the applicable statute and cited authority speak for themselves.  Defendant denies the allegations contained in Paragraph 30 to the extent they deviate from or do not include the full contents of the cited authority.

-31-

Paragraph 31 asserts legal conclusions to which no response is required. To the extent a response is required, the applicable statute and cited authority speak for themselves. Defendant denies the allegations contained in Paragraph 31 to the extent they deviate from or do not include the full contents of the cited authority.

-32-

Paragraph 32 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant admits the legal theory set forth in Paragraph 32 may apply in some circumstances, but denies Paragraph 32 as a blanket statement applicable to all circumstances.

-33-

Paragraph 33 asserts legal conclusions to which no response is required. To the extent a response is required, the applicable statute and cited authority speak

for themselves. Defendant denies the allegations contained in Paragraph 33 to the extent they deviate from or do not include the full contents of the cited authority.

## FACTUAL ALLEGATIONS

-34-

Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 34.

-35-

Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 35.

-36-

Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 36.

-37-

In response to Paragraph 37, Defendant denies that Plaintiff began receiving telemarketing text messages directly from Defendant on or about December 20, 2023. Defendant is without knowledge or information sufficient to form a belief as to whether on or about December 20, 2023, Plaintiff began receiving telemarketing text messages from its third-party vendor.

-38-

Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 38.

-39-

Defendant admits Paragraph 39.

-40-

Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 40.

-41-

Defendant is without knowledge for information sufficient to form a belief as the truth of Paragraph 41.

-42-

Defendant admits that it texted Plaintiff from the telephone number (678) 679-2363 on January 26, 2024 and is without knowledge or information sufficient to form a belief as to the remainder of Paragraph 42.

-43-

Defendant admits Paragraph 43.

-44-

Defendant admits Paragraph 44.

-45-

Defendant denies Paragraph 45.

-46-

Defendant denies Paragraph 46.

-47-

Defendant denies Paragraph 47.

-48-

Defendant denies Paragraph 48.

-49

Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 49.

-50-

Defendant denies Paragraph 50.

## **DEFENDANT'S LIABILITY**

-51-

Defendant admits that it or its third party vendor uses automated systems to send text messages, but denies the remainder of Paragraph 51.

-52-

Defendant denies Paragraph 52.

-53-

Defendant denies Paragraph 53.

-54-

Defendant denies Paragraph 54.

-55-

Defendant denies Paragraph 55.

-56-

Defendant denies Paragraph 56.

-57-

Defendant denies Paragraph 57.

-58-

Defendant denies Paragraph 58.

-59-

Defendant denies Paragraph 59.

-60-

Defendant denies Paragraph 60.

-61-

Paragraph 61 asserts legal conclusions to which no response is required.

The applicable ruling (cited in Paragraph 62) speaks for itself. Defendant denies

the allegations contained in Paragraph 61 of Plaintiff's Complaint to the extent they deviate from or do not include the full contents of the ruling cited in Paragraph 62.

-62-

Paragraph 62 sets forth a legal citation to which no response is required.

-63-

Paragraph 63 asserts legal conclusions to which no response is required. The applicable ruling speaks for itself. Defendant denies the allegations contained in Paragraph 63 to the extent they deviate from or do not include the full contents of the ruling.

## CLASS ACTION ALLEGATIONS

-64-

Defendant admits Plaintiff brings this action under Fed. R. Civ. P. 23(b)(3) on behalf of the proposed "Classes" as set forth therein, but denies those "Classes" exist or are proper for class certification and deny that this action is a viable class action lawsuit.

-65-

Paragraph 65 asserts exclusions from asserted "Classes" to which no response is required. To the extent a response is required, Defendant denies the "Classes" set forth in the Complaint exist or are proper for class certification.

-66-

Defendant denies Paragraph 66.

-67-

Defendant denies Paragraph 67.

-68-

In response to Paragraph 68, Defendant admits that it and/or third parties maintain written and electronically-stored data showing the information listed in subparagraphs a-e, and in some cases subparagraph f.  Defendant denies the remainder of the Paragraph 68, as it maintains no proper or viable class exists.

-69-

Defendant denies Paragraph 69.

-70-

Defendant denies Paragraph 70.

-71-

Defendant denies Paragraph 71.

-72-

Defendant denies Paragraph 72.

-73-

Defendant denies Paragraph 73.

-74-

Defendant denies Paragraph 74 as Defendant maintains no proper or viable

classes exist.

-75-

Defendant admits Plaintiff has retained qualified and competent legal

counsel to represent him, is without knowledge or information sufficient to form a

belief as to whether Plaintiff is prepared to participate in discovery and depositions

and otherwise fulfill his class representative should a class be certified (Defendant

maintaining that class certification is not proper), and denies the remainder of

Paragraph 75.

-76-

Defendant denies Paragraph 76.

-77-

Defendant denies Paragraph 77.

-78-

Defendant denies Paragraph 78.

-79-

Defendant denies Paragraph 79.

## FIRST CAUSE OF ACTION
## Violations Of the TCPA, 47 U.S.C. § 227(c)
## On behalf of the Plaintiff and the National Do-Not-Call Class

-80-

Defendant denies Paragraph 80.

-81-

Defendant denies Paragraph 81.

-82-

Defendant denies Paragraph 82.

-83-

Defendant denies Paragraph 83.

-84-

Defendant denies Paragraph 84.

## SECOND CAUSE OF ACTION
## Violations Of the TCPA, 47 U.S.C. § 227(c)
## On behalf of the Plaintiff and the National Do-Not-Call Class

-85-

Defendant denies Paragraph 85.

-86-

Defendant denies Paragraph 86.

-87-

Defendant denies Paragraph 87.

-88-

Defendant denies Paragraph 88.

-89-

Defendant denies Paragraph 89.

-90-

Defendant denies Paragraph 90.

-91-

Defendant denies Paragraph 91.

## SEVENTH DEFENSE

Plaintiff's class action claims are barred, in whole or in part, by the predominance of individual issues regarding consent or damages of the potential class members.

## EIGHTH DEFENSE

Plaintiff's class action claims are barred, in whole or in part, because questions of law or fact common to the purported Class or Classes do not exist.

## NINTH DEFENSE

Plaintiff's class action claims are barred, in whole or in part, because the claims of the purported class representative are not typical of any alleged claims of the purported Class or Classes.

## TENTH DEFENSE

Plaintiff's class action claims are barred, in whole or in part, based upon the insufficient size of the potential class. The purported Class and Classes set forth in the Complaint is/are not so numerous that joinder of all members is impracticable.

## ELEVENTH DEFENSE

Plaintiff's class action claims are barred, in whole or in part, because Plaintiff does not fairly and adequately protect the interests of the potential class.

## TWELVETH DEFENSE

Plaintiff's class action claims are barred, in whole or in part, because the purported Class and Classes set forth in the Complaint do not exist.

## THIRTENTH DEFENSE

Plaintiff's class action claims are barred because the purported Class and Classes set forth in the Complaint are not viable.

## FOURTEENTH DEFENSE

One or more of Plaintiff's claims are barred by estoppel.

-Any Remaining Averments-

Defendants deny any averments of the Complaint not responded to above.

## DEMAND FOR TRIAL BY JURY

Defendant demands trial by jury for all issues so triable.

*{Prayers for Relief follow}*

## PRAYERS FOR RELIEF

**WHEREFORE**, Defendant prays that this Court dismiss Plaintiff's Complaint, deny class certification, enter judgment in favor of Defendant and against Plaintiff on all claims set forth in this Complaint, cause trial of this action by jury as to all issues so triable, cast all costs against Plaintiff, and grant such further relief as this Court deems just, equitable, and proper.

This 4th Day of March, 2025.

SMITH, GILLIAM, WILLIAMS & MILES, P.A.
Attorneys for Defendant

By: */s/ M. Tyler Smith*
**M. Tyler Smith**
Georgia Bar No. 661685
**Daniel M. Dupree**
Georgia Bar No. 349494

P.O. Box 1098
Gainesville, Georgia 30503-1098
770-536-3381
tsmith@sgwmfirm.com
ddupree@sgwmfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

WILLIAM MOTT, *on behalf of*          )
*himself and all others similarly*    )
*situated*,                           )
                                      )
    Plaintiff,    )
                                      )    Civil Action File No.
v.                                    )    2:25-CV-00014-SCJ
                                      )
GEE'S HEATING AND AIR, INC.,          )
                                      )
    Defendant.    )
_____ )

## CERTIFICATE OF SERVICE AND FONT SIZE

I hereby certify that on March 4, 2025, I electronically filed Defendant's *Answer and Defenses* (the "Document") through the Court's CM/ECF system which will notify and serve all counsel of record. I certify that the Document is prepared in Century Schoolbook font, 13 point.

This 4th day of March, 2025.

SMITH, GILLIAM, WILLIAMS & MILES, P.A.
Attorneys for Defendants

By:    */s/ M. Tyler Smith*

P.O. Box 1098        **M. Tyler Smith**
Gainesville, Georgia 30503-1098    Georgia Bar No. 661685
770-536-3381        Daniel M. Dupree
tsmith@sgwmfirm.com    Georgia Bar No. 349494
ddupree@sgwmfirm.com

22